

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 16, 1970

Hon. Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M- 708

Re:  Power of the Harris County
Commissioners Court to alter
personnel salaries and ex-
penses for equipment, supplies,
and travel, budgeted for the
office of the Harris County
Purchasing Agent, pursuant to
Article 1580 (note), Vernon's
Civil Statutes.

Dear Mr. Resweber:

Your recent letter requesting an opinion from this office
concerning the referenced matter states, in part, as follows:

"The Purchasing Agent of Harris County has
requested your opinion on the following question:

If the Board composed of the District Judges
of Harris County has approved a budget providing
for personnel positions, salaries, equipment, sup-
plies and traveling expenses for the Office of the
County Purchasing Agent, does the Commissioners
Court of Harris County have the authority to alter
said budget by virtue of its general power to con-
trol County fiscal matters?"

Article 1580, Vernon's Civil Statutes, as last amended
(61st Leg., 2nd C.S., 1969, ch. 24, p. 110), provides, in part, as
follows:

"Section 1.  (a)  In all counties of this
state having a population of seventy-four thousand
(74,000) or more inhabitants according to the last
preceding Federal Census, a majority of a Board com-
posed of the judges of the District Courts and the
County Judge of such county, may appoint a suitable
person who shall act as the county purchasing agent

-3422-

for such county, who shall hold office, unless removed by said judges, for a period of two (2) years, or until his successor is appointed and qualified, who shall execute a bond in the sum of Five Thousand Dollars ($5,000), payable to said county, for the faithful performance of his duties.

". . .

"(f) Such agent shall receive as compensation for his services a salary of not less than Five Thousand Dollars ($5,000) nor more than Eighteen Thousand Dollars ($18,000) per year, payable in equal monthly installments. The salary of the county purchasing agent shall be paid out of the General Fund and/or the Road and Bridge Fund of such county by warrants drawn on the county treasurer and shall be set by the Board as designated in Section 1(a) of this Act.

"(g) Said agent may have assistants to aid in the performance of his duties as county purchasing agent.

"(h) Said agent and said assistants may have such help, equipment, supplies and traveling expenses with the approval of said Board of judges, as they may deem advisable, the amount of said expenses to be approved by said Board." (Emphasis added.)

The power of the Commissioners Court to alter the county budget, by virtue of its general fiscal powers, is found in the second paragraph of Article 1666a, Vernon's Civil Statutes, which provides that:

". . . The (Commissioners) Court shall have authority to make such changes in the (county) budget as in its judgment the facts and the law warrant and the interest of the taxpayers demand
. . ."

While it is true that a county commissioners court has general control over county fiscal matters, the Legislature may by statute except certain fiscal matters from its control; e.g., Article 1650, Vernon's Civil Statutes (office of the county

auditor); Article 42.12(10), Texas Code of Criminal Procedure (probation officers); and see Attorney General's Opinion No. M-393 (1969).

A reading of that portion of Article 1580, supra, indicates the clear intent of the Legislature that (a) the salary of the county purchasing agent is to be set by the board of judges, not by the commissioners court, and (b) the expenses for that office's equipment, supplies, and travel are to be approved by the board of judges, not the commissioners court.

The intent of the Legislature is not as evident regarding the fixing of salaries of assistants to the County Purchasing Agent. Section (g) of Article 1580, supra, provides that the Agent may have assistants, but makes no direct mention of who is to fix their salaries. Article 3912e-4d(9), Vernon's Civil Statutes, sets forth the general power of the Harris County Commissioners Court to fix the salaries of most county employees and circumscribes their power in that regard only as to employees of the office of the county auditor.

However, Section (h) of Article 1580, supra, does provide that "Said (county purchasing) agent . . . may have such help, . . . with the approval of said Board of Judges, as they may deem advisable, the amount of said expenses to be approved by said Board." (Emphasis added.)

We do not believe the Legislature intended that the power to budget expenses of the County Purchasing Agent's office should be divided, whereby the board of judges fixes the budgetary allotment for the salary of the County Purchasing Agent and the expenses for equipment, supplies, and travel, on the one hand, and the Commissioners Court fixes the salaries of assistants in that office, on the other. We are of the opinion that a reading of Article 1580 as a whole evinces a legislative intent that all expenses of that office are to be set by the board of judges, as provided in Section 1(a) of that Article and that the Commissioners Court has a mandatory ministerial duty to approve and pay such expenses.

Accordingly, your question is answered in the negative.

### S U M M A R Y

The Commissioners Court of Harris County has the mandatory ministerial duty to approve and pay the budgetary expenses alloted for the office of the Harris County Purchasing Agent that are fixed

by the board of judges pursuant to Section 1(a) of Article 1580, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
John Reeves
John Banks
William Craig
Brandon Bickett

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant